UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GIRARDEAU BRIDGES,

     Petitioner,

-vs-                                                    Case No.  6:12-cv-808-Orl-28DAB
                                                    (Criminal Case No.:  6:10-cr-41-Orl-28DAB )

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER

     This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Girardeau Bridges.  The Government filed a timely response (Doc. No. 6) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts.*  Petitioner was provided with the opportunity to file a reply, but he did not do so.

**A.**    ***Procedural History***

     On February 24, 1997, Petitioner was sentenced in this Court to imprisonment for a term of 120 months to be followed by supervised release for a term of five years.  *See* Criminal Case Number 6:96-cr-157-Orl-19DAB.  Petitioner was eventually released from federal custody and began his term of supervised release.  On January 26, 2008,

Petitioner was arrested and charged with conspiracy to traffic cocaine (over 400 grams) and conspiracy to traffic cocaine. On February 1, 2008, the United States Probation Office filed a petition with this Court requesting the issuance of a warrant based on two violations of supervised release.[1]

United States Magistrate Jude David A. Baker conducted a final probation revocation hearing and entered a Report and Recommendation in which he recommended that the Court enter an Order to Show Cause why Petitioner's supervised release should not be revoked. *See* Criminal Case 6:10-cr-41-Orl-28DAB, Doc. No. 33. On March 11, 2010, the Court adopted Magistrate Judge Baker's report and recommendation and sentenced Petitioner to imprisonment for a term of 56 months to run concurrently with his existing 36-month state sentence.[2] *See* Criminal Case Doc. No. 42. Petitioner did not file a direct appeal.

**B.    *Analysis of Petitioner's Section 2255 Motion***

A motion under section 2255 must be filed within one-year from the latest of the following:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[1]The two violations were 1) the criminal charges for which he was arrested, and 2) the failure to notify the probation officer within 72 hours after being arrested.

[2]The 36-month state sentence resulted from Petitioner pleading guilty to conspiracy to traffic in cocaine.

States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Petitioner's motion is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255.

As already noted, the judgment of conviction in this case was entered by the Court on March 11, 2010.  Because no appeal was filed, the judgment of conviction became final 14 days after the entry of judgment by the Court.  *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time allotted for filing an appeal expires).  Thus, Petitioner's conviction became final on March 25, 2010.  As a result, Petitioner had until March 25, 2011, to file a section 2255 motion in this case.  Because Petitioner's initial section 2255 motion was not filed by October 7, 2011, it is time-barred under section 2255 and must be denied.[3]

Petitioner argues that his section 2255 motion is not time-barred because the facts supporting his claims "were only recently discovered through the exercise of due diligence and were not available or know[n] to Petitioner before."  *See* Doc. No. 1 at 6.  Petitioner raises two claims:   (1) the State lacked a "factual basis for its felony

_____

[3]Petitioner's section motion was filed on May 23, 2012, under the mailbox rule.

information as certified by the prosecution"; and (2) he was charged under section 898.03, Florida Statutes, which was declared unconstitutional. *Id.* at 1, 4.

Equitable tolling is only available if the petitioner establishes (1) extraordinary circumstances and (2) due diligence. *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). Equitable tolling is an extraordinary remedy and is applied sparingly. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2003).

In this case, Petitioner has not established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. Petitioner offers no explanation whatsoever as to why he did not earlier discover the facts underlying his claims, and he does not allege or otherwise demonstrate that he made reasonable efforts to discover the facts underlying his claims. Further, Petitioner's vague and conclusory assertions, unsupported by appropriate declarations and other evidence, fail to establish specific dates on which the factual predicates of his claims "could have been discovered through the exercise of due diligence."

The Court also notes that the Eleventh Circuit Court of Appeals entered an opinion reversing *Shelton v. Sec'y, Dep't of Corrs.*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011) on the basis that there had been no showing that the Florida courts unreasonably applied clearly established federal law by upholding section 893.13, Florida Statues. *See Shelton v. Sec'y Dep't of Corrs.*, 691 F.3d 1348 (11th Cir. 2012).

4

As such, the Court finds that Petitioner has failed to establish that he acted with due diligence or that equitable tolling is warranted in his case. Consequently, Petitioner's instant section 2255 motion is untimely and is denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Girardeau Bridges (Doc. No. 1) is **DENIED**.

2.      This case is **DISMISSED** with prejudice.

3.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A copy of this Order and the judgment shall also be filed in criminal case number 6:10-cr-41-Orl-28DAB.

4.      The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 52) filed in criminal case number 6:10-cr-41-Orl-28DAB.

5.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a

5

constitutional right.[4]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this __11__ day of April, 2013.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 4/10

Counsel of Record

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.